Hernan Galarza RIVERA;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–71479.

United States Court of Appeals,
Ninth Circuit.

Submitted April 18, 2007.*

Filed May 9, 2007.

Mardy M. Sproule, Los Angeles, CA, for Petitioners.

Hernan Galarza Rivera, Lake Forest, CA, pro se.

Julian Andres Galarza Escobar, Lake Forest, CA, pro se.

Leonardo Galarza Escobar, Lake Forest, CA, pro se.

Escobar De Galarza, Lake Forrest, CA, pro se.

Diana Lorena Galarza Escobar, Lake Forest, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Greg D. Mack, Esq., Leslie McKay, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY,** District Judge.

MEMORANDUM ***

Petitioners seek review of the Board of Immigration Appeals' denial of their application for asylum. An alien seeking asylum must establish that he is a "refugee": an alien unwilling to return to his country of origin because of 1) past persecution or 2) a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "Persecution is an extreme concept." *See Fisher v. I.N.S.,* 79 F.3d 955, 961 (9th Cir.1996).

We only disturb a Board decision where the evidence *"compels"* reversal. *See I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original). Neither brief detention without physical harm, *see Prasad v. I.N.S.,* 47 F.3d 336, 339 (9th Cir.1995), nor mere threats, *see Canales–Vargas v. Gonzales,* 441 F.3d 739, 744 (9th Cir.2006), compel a finding of persecution. The Board properly relied on *Rios v. Ashcroft,* 287 F.3d 895 (9th Cir.2002), and *Agbuya v. I.N.S.,* 241 F.3d 1224 (9th Cir.2001), in finding no past persecution.

**PETITION DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.